29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Katie JOHN; State of Alaska; et al., Plaintiffs-Appellees,
v.
UNITED STATES of America; Manuel Lujan, Jr., Secretary of
the Interior; et al., Defendants-Appellees,
v.
SOUTH KUIU THLINGIT NATION, its elders & individual members,
Applicant in intervention-Appellant.
 No. 93-35295.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1994.
Decided June 29, 1994.
 
 1
 Before: WIGGINS and THOMPSON, Circuit Judges, and EZRA, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 The South Kuiu Thlingit Nation, also known as the Kuiu Kwaan, appeals the district court's denial of its motion to intervene in this consolidated case as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2). We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 4
 Pursuant to the language of Rule 24(a)(2), we use a four-part test to review denials of motions for intervention as a matter of right: (1) the applicant's motion must be timely; (2) the applicant must assert an interest relating to the property or transaction which is the subject of the lawsuit; (3) the applicant must be so situated that the disposition of the lawsuit may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the lawsuit. See, e.g., Scotts Valley Band of Pomo Indians v. United States, 921 F.2d 924, 926 (9th Cir.1990).
 
 
 5
 Except for the timeliness factor, we review all elements of this four-part test de novo. See, e.g., United States ex rel. McGough v. Covington Technologies Co., 967 F.2d 1391, 1393 (9th Cir.1992); Scotts Valley, 921 F.2d at 926. As to timeliness, our review is for abuse of discretion. See Sierra Club v. EPA, 995 F.2d 1478, 1481 (9th Cir.1993); Covington Technologies, 967 F.2d at 1393; Yniguez v. Arizona, 939 F.2d 727, 730-31 (9th Cir.1991).
 
 
 6
 The Kuiu Kwaan want to intervene to assert two claims. The first is a claim of absolute title to Kuiu Island and its ancestral waters. As to this claim, the Kuiu Kwaan has an interest in the property that is the subject of this lawsuit--they live there. Resolution of the lawsuit, however, will not impair the Kuiu Kwaan's ability to protect this claim. Although the State of Alaska claims to have sovereign power over Kuiu Island, the state's complaint is not a quiet title action. The Kuiu Kwaan's ability to protect its title claim will not be impaired or impeded by this litigation.
 
 
 7
 The Kuiu Kwaan's second claim, which it seeks to assert by intervention, is that Kuiu Island and its waters are public land under ANILCA. As to this claim, the Kuiu Kwaan's interests are adequately represented by the Katie John plaintiffs, the intervenor Alaska Federation of Natives, and the United States government. The district court has now granted summary judgment holding that Kuiu Island and its waters are public land under ANILCA, just as the Kuiu Kwaan would have the court hold were it entitled to present its second claim by intervention. True, the district court's summary judgment is on appeal, but the Kuiu Kwaan have failed to show that their interest in this litigation will not be adequately represented by the present parties.
 
 
 8
 The district court's order denying the Kuiu Kwaan's motion to intervene is AFFIRMED.
 
 
 
 *
 Hon. David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36-3